IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01260-BNB

MICHAEL COON,

Applicant,

v.

STEVEN HARTLEY, Warden/Custodian,

Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Michael Coon, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Limon, Colorado, correctional facility. Mr. Coon initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that his parole was revoked improperly.

On July 24, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). On August 18, 2008, after being granted an extension of time, Respondents filed their preliminary response asserting that Applicant failed to exhaust state court remedies as to his asserted claims. On August 28, 2008, the Court overruled Mr. Coon's objection to granting Respondents the extension of time. Although given the opportunity to do so, Mr. Coon has not filed a reply to the preliminary response.

The Court must construe liberally the application filed by Mr. Coon because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies prior to seeking federal court intervention.

Mr. Coon pleaded guilty in El Paso County District Court criminal case number 05CR3720 to a class-five felony, forgery – check/commercial instrument, and was sentenced to the DOC for two years, plus a two-year period of mandatory parole. On January 10, 2007, he was released on parole. On September 5, 2007, his parole was revoked, and he was remanded to the custody of the DOC for the remainder of his parole period. He initiated a state habeas corpus proceeding to contest his parole revocation.

The state court issued a delay prevention order directing Mr. Coon to obtain personal service upon the named respondents in the habeas corpus case. He was allowed an additional thirty days to obtain service. He admitted he failed to do so, and his habeas corpus case was dismissed. He did not appeal from the dismissal.

Mr. Coon is required to exhaust state remedies before he may raise his claims in federal court. *See Montez*, 208 F.3d at 866. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The exhaustion requirement is satisfied once the federal claim

has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). A claim has not been exhausted if it has not been presented to the state's appellate courts for review. *See White v. Meachum*, 838 F.2d 1137, 1138 (10th Cir. 1988).

A challenge to the procedures used at a parole revocation hearing is reviewable by the criminal sentencing court pursuant to Rule 35(c)(2)(VII) of the Colorado Rules of Criminal Procedure. Habeas corpus relief is unavailable if the issue can be considered under another legal procedure. *Duran v. Price*, 868 P.2d 375, 377 (Colo. 1994). "[H]abeas corpus is only an appropriate remedy to redress an unlawful restraint on one's liberty when no other form of relief is available." *Id.*; *see also Murray v. Henderson*, 964 P.2d 531, 533 (Colo. 1998). Under Colorado law, habeas corpus may not be used as a substitute for a Colo. R. Crim. P. 35 motion. *See Graham v. Gunter*, 855 P.2d 1384, 1385 (Colo. 1993); *see also Kailey v. Colorado State Dep't of Corrections*, 807 P.2d 563, 566 (Colo 1991). Because a parole revocation is reviewable under Colo. R. Crim. P. 35, it is not reviewable under the habeas corpus act. *Duran*, 868 P.2d at 378. The interpretation of Colorado law by the Colorado Supreme Court is dispositive as to its meaning and application, and is controlling in federal court. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). "We will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law." *Bowser v. Boggs*, 20 F.3d 1060, 1064 (10th Cir. 1994).

In addition, a party's "*pro se* status does not excuse of obligation of any litigant to comply with the fundamental requirements of the Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). *See also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) ("A pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4.").

Mr. Coon failed to follow the proper procedure for challenging a parole revocation by filing a Colo. R. Crim. P. 35(c)(2)(VII) motion with the sentencing court. Instead, he filed a procedurally improper habeas corpus application in state court. When the state application was dismissed for lack of personal service, he did not appeal or otherwise seek review of that order. Therefore, even if the filing of a state habeas corpus action were the proper means of challenging a parole revocation, Mr. Coon failed to exhaust that remedy. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state remedies.

DATED at Denver, Colorado, this 29 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01260-BNB

Michael Coon
Prisoner No. 94717
Limon Correctional Facility
49030 State Highway 71
Limon, CO. 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/29/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk